IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANGELA SHEFFIELD                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:14-cv-00003-GHD-DAS

J.T. THORPE & SON, INC.; and SCOTT AND
SONS CONSTRUCTION AND MECHANICAL
SERVICES, INC.                                                                     DEFENDANTS

MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR REMAND

Presently before this Court is Plaintiff's motion to remand the case to state court [13]. Upon due consideration, the Court is of the opinion that the motion should be granted due to lack of diversity jurisdiction.

*A. Factual and Procedural Background*

On December 9, 2013, Plaintiff Angela Sheffield ("Plaintiff") filed a complaint in the Circuit Court of Monroe County, Mississippi, against Defendants J.T. Thorpe & Son, Inc. ("J.T. Thorpe"); Scott and Sons Construction and Mechanical Services, Inc. ("Scott and Sons"); and Specialty Foundry Products, Inc. ("Specialty Foundry") (collectively, "Defendants") to recover for injuries she sustained while employed by Mueller Copper Tube Company in Fulton, Mississippi, a company that manufactures copper tubing and copper fittings. Plaintiff alleges she was a caster and worked on a casting unit that processes molten copper as part of the manufacturing production. Plaintiff further alleges that Mueller Copper Tube Company contracted with Defendants to collectively repair, reline, rebuild, and renovate the cast furnace and launder shell and trough from the receiving well to the cast head on the caster unit. Plaintiff avers that Defendants also designed and built a new working platform for the caster unit.

1

Plaintiff further avers that while performing her caster duties on the working platform, Plaintiff lost her footing and balance and both of her feet slipped into the extremely hot molten copper in the launder trough. Plaintiff alleges that Defendants acted negligently and grossly negligently in the repairing, relining, rebuilding, and renovating of the cast furnace and launder shell and trough and in the design and fabrication of the working platform.

On January 9, 2014, J.T. Thorpe filed a notice of removal [1] on the basis of diversity jurisdiction; Specialty Foundry subsequently joined in the notice of removal. On February 5, 2014, Plaintiff filed the present motion to remand the case to state court. J.T. Thorpe and Specialty Foundry filed separate responses. Plaintiff filed a reply. Subsequently, Plaintiff filed a motion for remand-related discovery [25], which was subsequently granted by the United States Magistrate Judge in an Order [26] dated March 14, 2014. Following remand-related discovery, Plaintiff filed a supplemental reply [38] to her remand motion; Scott and Sons joined in the other Defendants' earlier filed responses to Plaintiff's remand motion; J.T. Thorpe filed a response to Plaintiff's supplemental reply to her remand motion; and Plaintiff filed a further reply. The parties have attached several exhibits to their remand papers.

*B. Standard of Review*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be

2

raised at any time by any party or *sua sponte* by the district court. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The party who seeks to remove the case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted).

*C. Discussion*

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiff contends that removal is improper and remand is warranted because the notice of removal was procedurally defective and complete diversity of citizenship does not exist between Plaintiff and Defendants.[1] Plaintiff also seeks costs and attorney's fees incurred in filing the present motion to remand.

First, Plaintiff contends that the notice of removal is procedurally defective because Scott and Sons did not join in the notice or consent to the removal, despite the fact that prior to the filing of the notice of removal Scott and Sons admitted actual notice of this suit by the affidavit of its registered agent, Paul Knox. *See* Knox Aff. [1-2]. Defendants concede both that Scott and Sons did not join in or consent to the removal and that Scott and Sons is a Mississippi resident, but argue that the notice of removal was not procedurally defective because Scott and Sons was

---

[1] Plaintiff does not dispute that the jurisdictional amount-in-controversy requirement is satisfied.

improperly joined as a Defendant and therefore was not required to join in or consent to the removal.

The statute governing removal procedure provides in pertinent part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C.A. § 1446(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Ortiz v. Young*, 431 F. App'x 306, 207 (5th Cir. 2011) (citing *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002)). "[F]ailure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *see Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 & n.3 (5th Cir. 1981). The record indicates that Scott and Sons was not properly served with the summons and complaint prior to the time the notice of removal was filed. *See* State Ct. R.—Removal [8]; Clerk's Notice of Incomplete Process re: Scott and Sons [9].[2] Thus, the undisputed fact that Scott and Sons did not join in or consent to the notice for removal does not in and of itself render the notice procedurally defective. The Court finds that Plaintiff has not shown that the notice of removal was procedurally defective.

Next, Plaintiff contends that removal is not appropriate because there is lack of complete diversity of citizenship among the parties. It is undisputed that complete diversity exists between

---

[2] The Court notes that since that time Plaintiff has effected service of process on Scott and Sons. *See* Summons Returned Executed—Scott and Sons [17].

Plaintiff, a citizen of Mississippi, and Defendants J.T. Thorpe, a citizen of California, and Specialty Foundry, a citizen of Alabama.[3] However, Plaintiff contends that the presence of Scott and Sons as a Defendant destroys complete diversity, as both Plaintiff and Scott and Sons are citizens of Mississippi. Plaintiff maintains that she alleges in her complaint that Scott and Sons was negligent in the construction and fabrication of the working platform. Plaintiff further maintains that Scott and Sons admits it fabricated the subject working platform. Therefore, Plaintiff maintains that Scott and Sons is a proper party to this case against whom Plaintiff has alleged a cognizable cause of action. Thus, Plaintiff maintains that removal is improper.

Defendants argue that Scott and Sons was improperly joined in order to destroy diversity jurisdiction and thus that Scott and Sons' citizenship should be disregarded in the diversity jurisdiction determination. Defendants further argue that Plaintiff has failed to state a claim for negligent construction against Scott and Sons and that the uncontroverted evidence shows that Scott and Sons played no role in designing the working platform at issue. Therefore, Defendants argue that removal is proper.

"[T]he doctrine that ignores a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction" is known as "improper joinder" in the Fifth Circuit. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc)). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 401 (quoting *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)

---

[3] Per the mutual agreement of the parties, after the notice of removal was filed, Specialty Foundry was dismissed as a party to the case. *See* Pl.'s Notice of Agreed Voluntary Dismissal of Specialty Foundry [37].

(in turn quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003))). Because Defendants do not contend that the pleadings contain actual fraud, only the second prong is before this Court.

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, [restated,] there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (some alteration in original) (in turn quoting *Smallwood*, 385 F.3d at 573)). First, the Court must determine whether Plaintiff's complaint states a claim against Scott and Sons, as, "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *See id.* (citing *Smallwood*, 385 F.3d at 573) . However, even if Plaintiff has stated a claim against Scott and Sons, if she has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the [Court] may, in its discretion, pierce the pleadings and conduct a summary inquiry." *See id.* (citing *Smallwood*, 385 F.3d at 573) (internal citation omitted). "The purpose of the [summary] inquiry is limited to identifying 'the presence of discrete and <u>undisputed</u> facts that would preclude plaintiff's recovery against the in-state defendant.' " *Id.* (citing *Smallwood*, 385 F.3d at 573–74) (emphasis added). If the Court conducts a summary inquiry, it may "consider summary judgment-type evidence in the record, but must also take into account all <u>unchallenged</u> factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *See Travis*, 326 F.3d at 648–49 (emphasis added). All <u>disputed</u> issues of fact and any ambiguities of state law must be resolved in the Plaintiff's favor. *See id.* at 649. Defendants bear the heavy burden of demonstrating that there is no possibility of recovery against Scott and Sons. *See id.* (citing *B., Inc. v. Miller*

*Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). As shown below, Defendants have failed to meet this heavy burden.

In her complaint [2], Plaintiff alleges that Scott and Sons, along with the other Defendants, "were negligent in the design and fabrication of the working platform by failing to construct toeboards, toerails[,] and handrails along the open edge of the middle channel in the center of the working platform to guard against tools, equipment, materials, or employees from slipping or falling into the extremely hot molten copper directly below such opening," Pl.'s Compl. [2] ¶ 24, and that "[t]he above[-]mentioned negligence of" Scott and Sons and the other Defendants "was the sole and proximate cause of [Plaintiff's] injuries," *id.* ¶ 25. Plaintiff further alleges that Scott and Sons and the other Defendants "were grossly negligent in the design and fabrication of the working platform by failing to construct toeboards, toerails[,] and handrails along the open edge of the middle channel in the center of the working platform to guard against tools, equipment, materials, or employees from slipping and falling into the extremely hot molten copper directly below each opening," *id.* ¶ 30, and that Plaintiff's injuries and damages were "a direct and proximate result" of this alleged gross negligence, *id.* ¶ 32. The Court finds that Plaintiff has stated her causes of action against Scott and Sons, along with the other Defendants.

Further, a summary inquiry appropriately "limited to identifying the presence of discrete and undisputed facts that would preclude [P]laintiff's recovery against [Scott and Sons]," *see Mumfrey*, 719 F.3d at 401 (internal quotation marks and citations omitted), does not reveal that Plaintiff has no possibility of recovery against Scott and Sons. On a remand motion, it is not proper for the Court to weigh evidence on the merits. Rather, as stated above, in ruling on a remand motion, the Court must look to the allegations of Plaintiff's complaint and may perform a summary inquiry limited to identifying undisputed facts that preclude recovery against Scott

7

and Sons. In viewing the complaint and the summary type evidence, the Court finds that Defendants have not shown that Plaintiff has no possibility of recovery against Scott and Sons, and thus Defendants have not shown that Scott and Sons was improperly joined. Therefore, the joinder of Scott and Sons destroys complete diversity, removal jurisdiction is improper, and remand is warranted.

### D. Conclusion

In sum, Plaintiff's motion to remand to state court [13] is GRANTED based on lack of complete diversity of citizenship; Plaintiff's request for costs and attorney's fees incurred in filing the present motion to remand is not well taken and is thus DENIED; the matter shall be REMANDED to the Circuit Court of Monroe County, Mississippi; and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 18th day of August, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE